OPINION
Defendant-appellant, William Sanders, appeals the decision of the Butler County Court of Common Pleas adjudicating him to be a sexual predator. For the reasons that follow, we affirm the decision of the trial court.
At approximately 3:00 a.m. on May 19, 1995, Jamie Elza propositioned appellant to have sex for $20. Appellant agreed and drove her to an alley and parked. When Elza insisted that appellant pay her before they had sex, he struck her in the face and ripped off her brassiere and underpants. Appellant repeatedly punched Elza in the face and choked her as he had forcible intercourse with her. After several minutes, Elza sounded the car's horn. Appellant threw her out of the car and sped off. As she fell out of the car, Elza grabbed appellant's ball cap upon which the name "Duke" was stenciled.
Elza ran to a nearby apartment building and notified a resident, Donna Wages, that she had been sexually assaulted. Wages subsequently telephoned the Middletown Police Department. Elza gave the police a description of appellant and the vehicle that he was driving.
Approximately two months later, Elza observed appellant drive by in the car in which she was assaulted. She copied down the vehicle's license number and reported it to the police. The police traced the license number to Linda Sanford, appellant's wife. With personal knowledge that appellant fit the physical description of Elza's assailant and that appellant's nickname was "Duke," a police detective put together a photographic lineup including a photograph of appellant. Elza identified appellant as the male who had assaulted her.
On August 2, 1995, the police arrested appellant. He was indicted for felonious assault and rape. On March 29, 1996, a jury found appellant guilty of felonious assault. Appellant appealed his conviction, which was affirmed by this court. See State v. Sanford (Jan. 13, 1997), Butler App. No. CA96-04-076, unreported.
On September 12, 2000, the Ohio Department of Rehabilitation and Correction filed a recommendation that the trial court adjudicate appellant to be a sexual predator. The trial court held an adjudicatory hearing over the course of three days and heard testimony from Elza, forensic psychologist Bobbie G. Hopes, PhD., and two Middletown police officers involved in the original investigation of the case. On the basis of the evidence presented during the hearing, the trial court adjudicated appellant a sexual predator. Appellant, proceeding prose,[1] appeals the decision of the trial court and raises three assignments of error for review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRORED [sic] IN BRINGING DEFENDANT BACK FOR A DETERMINATION OF REGISTRATION HEARING IN VIOLATION OF THE DEFENDANT'S STATE CONSTITUTIONAL RIGHT'S [sic] IN THE INSTANT CASE AND HIS FIFTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW.
Assignment of Error No. 2:
 THE TRIAL COURT ERRORED [sic] IN HOLDING A DETERMINATION OF REGISTRATION HEARING IN VIOLATION OF DEFENDANT'S EIGHT AMENDMENT AND STATUTORY CONSTITUTIONAL RIGHT'S [sic] AND DUE PROCESS OF THE LAW IN APPOINTING ATTORNEY, DON HURR TO ASSIST IN AN UNCONSTITUTIONAL HEARING IN THIS CASE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRORED [sic] IN DETERMINING THAT THE DEFENDANT WAS A SEXUAL PREDATOR IN VIOLATION OF DEFENDANT'S STATE, STATUTORY, AND FEDERAL CONSTITUTIONAL RIGHT'S [sic], WHEN TE DEFENDANT WAS FOUND NOT GUILTY OF SUCH CRIME IN THE LOWER COURT WHICH ALSO VIOLATED HIS FOURTEENTH AMENDMENT RIGHT TO THE EQUAL PROTECTION OF THE LAW IN THIS CASE IN CHIEF.
In his three assignments of error appellant contends that the trial court's decision adjudicating him a sexual predator is unconstitutional because he was acquitted of rape. Notwithstanding appellant's reliance on numerous rights in the United States and Ohio Constitutions, the crux of appellant's argument is that the trial court erred in finding that he is a sexual predator since the jury convicted him only of felonious assault.
R.C. Chapter 2950 imposes registration requirements on defendants convicted of sexually oriented offenses. Appellant argues that felonious assault is not a "sexually oriented offense." R.C. 2950.01(D)(3) defines the term "sexually oriented offense" as "a violation of section * * *2903.11 [felonious assault] * * * that is committed with a purpose to gratify the sexual needs or desires of the offender." See, also, Statev. Gilman (Mar. 2, 1998), Warren App. No. CA97-05-041, unreported (holding that, notwithstanding rape acquittal, the felonious assault of wife during sexual intercourse constituted sexually oriented offense).
Appellant committed the felonious assault in this case by beating and choking Elza while he engaged in forcible sexual intercourse with her. Such conduct by appellant was designed to gratify a sexual need or desire. See State v. Gilman (Mar. 2, 1998), Warren App. No. CA97-05-041, unreported. Notwithstanding the fact appellant was acquitted of rape, the felonious assault he committed against Elza was a sexually oriented offense within the meaning of R.C. 2950.01(D)(3). Accordingly, the decision of the trial court was not contrary to law. Appellant's assignments of error are overruled.
VALEN, P.J., and WALSH, J., concur.
[1] Although appellant claims to be proceeding pro se, a statement at the close of appellant's brief notes that it was "Drafted, Revised, And Prepared By, PL PRINCE CHARLES COTTON, SR. #146 490 PRO S.E. ASSISTANCE For The DEFENDANT As A STATE AND FEDERAL CONSTITUTIONAL RIGHTS [sic] * * *." While it is beyond dispute that an individual has the right to represent himself in a judicial proceeding, there is no absolute state or federal constitutional right to legal assistance from a person not admitted to practice law. Section 2(B)(1)(g), Article IV of the Ohio Constitution grants the Ohio Supreme Court has constitutional power to regulate and control all matters relating to the practice of law in the state. The rendering of legal services for another person by anyone not admitted to practice in Ohio constitutes unauthorized practice of law. Gov.Bar.R. VII(2)(A). R.C. 4705.01 also provides: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules."